IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the IRON WORKERS TRI-STATE WELFARE PLAN, | )<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION<br>) |
| v. | )<br>) |
| CALACCI CONSTRUCTION CO., INC. | )<br>) |
| Defendant. | ) |

# COMPLAINT

Plaintiffs, TRUSTEES of the IRON WORKERS TRI-STATE WELFARE PLAN, ("Trust Fund"), by its attorney, Daniel P. McAnally, complain of the Defendant, CALACCI CONSTRUCTION CO., INC. and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §1132). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Trust Fund receives contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the International Association of Bridge, Structural and Ornamental and Reinforcing Iron Workers ("Union"), and therefore are multi-employer plans. (29 U.S.C. §1002). The Trust Fund is administered in Lansing, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement with the Union and to any subsequent Collective Bargaining Agreements.

4. The Collective Bargaining Agreement also binds the Defendant to the provisions of the Agreements and Declarations of Trust which created the Trust Fund.

5. The Collective Bargaining Agreement and Trust Agreement requires the Defendant to submit monthly reports listing the hours worked by its iron worker employees ("monthly contribution reports") and to make concurrent payment of contributions to the Trust Fund based upon the hours worked by its iron worker employees.

6. The Defendant breached the Collective Bargaining Agreement and Trust Agreements by failing to pay fringe benefit contributions in the amount of $6,144.22 for the period June 2019 and July 2019 and liquidated damages on these unpaid amounts and on previously paid amounts.

7. Plaintiffs have complied with all conditions precedent in bringing this suit.

8. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

9. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

10. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

11. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    a) double interest on the unpaid contributions; or

    b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

12. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

    a) That the Defendant be ordered to pay $6,144.22 representing contributions for the period June 2019 and July 2019.

    b) That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements.

    c) That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

    d) That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

    e) That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

    f) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

By: s/ Daniel P. McAnally

Attorney for Plaintiffs

McGann, Ketterman & Rioux
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700
dmcanally@mkrlaborlaw.com